ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| DAVE EZRA BECK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 308-069 |
| ) | |
| VICTOR WALKER, Warden, ) | |
| ) | |
| Respondent. ) | |

___

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

___

Petitioner, an inmate currently incarcerated at Augusta State Medical Prison in Grovetown, Georgia, filed the above-captioned case pursuant to 28 U.S.C. § 2254. Petitioner also submitted two motions to amend, which asserted additional grounds for relief. (Doc. nos. 3, 6).[1] The matter is before the Court on Respondent's "Motion to Dismiss Petition as Untimely," which Petitioner opposes. (Doc. nos. 11, 13). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**, that this petition be **DISMISSED**, and that a final judgment be **ENTERED** in favor of Respondent.

___

[1] As explained in the Court's September 10, 2008 Order, the original petition and the amendments have been construed together. (See doc. no. 8, p. 4). For ease of reference, the three documents are referred to herein as one petition.

## I. BACKGROUND

On February 16, 2004, a state grand jury sitting in Dodge County, Georgia, returned an indictment against Petitioner charging him with vehicular homicide in the first degree, driving under the influence, driving with unlawful blood alcohol level, and failure to maintain lane. (Doc. no. 12, Ex. 6, pp. 83-85). On February 28, 2005, Petitioner entered a guilty plea and was sentenced to fifteen (15) years of imprisonment on the vehicular homicide charge (to serve eight years in prison and seven on probation), and twelve (12) months each for driving under the influence and failure to maintain lane, all to be served concurrently. (Id. at 86).

Petitioner did not appeal his sentence but instead filed a petition for a writ of habeas corpus in the Superior Court of Richmond County on December 1, 2006. (Doc. no. 12, Ex. 1). In his petition, Petitioner challenged his conviction based on multiple allegations of ineffective assistance of counsel. (Id.). Specifically, Petitioner alleged that counsel was ineffective for (1) failing to locate and interview key witnesses; (2) failing and refusing to obtain and share discovery with Petitioner; (3) failing to make any attempt to get the vehicular homicide charge reduced; (4) failing to preserve Petitioner's rights against illegal search and seizure; and (5) coercing Petitioner into pleading guilty. (Id., Ex. 1, pp. 7-8). Following an evidentiary hearing, the state habeas court denied relief in an order entered November 20, 2007, finding that Petitioner's claims were barred by his guilty plea and were otherwise without merit. (Id., Ex. 2). On April 21, 2008, the Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal the denial of habeas relief. (Id., Ex. 3).

Petitioner executed the instant federal habeas petition on July 1, 2008, and it was filed with the Clerk of Court on July 7, 2008.[2] (Doc. no. 1, pp. 1, 10). In his federal petition, Petitioner again alleges as a ground for federal habeas relief that he was coerced into pleading guilty by his attorney. (Id. at 6). He also alleges that his blood was taken in violation of the Fourth Amendment and that he was never read his rights pursuant to Miranda v. Arizona, 384 U.S. 436 (1966). (Id.). His petition goes on to contend that Petitioner's guilty plea violated the Double Jeopardy clause and his right to trial by jury and that Petitioner was denied his right to appeal. (Id. at 6-7). Finally, he alleges that counsel was ineffective for the same reasons alleged in his state habeas petition. (See id. at 7-8). Respondent has moved to dismiss the petition as untimely. The Court resolves the matter as follows.

## II. DISCUSSION

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. In pertinent part, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[2] Petitioner's motions to amend were filed on July 17, 2008, and August 13, 2008. (Doc. nos. 3, 6).

3

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### A. Finality of Petitioner's Conviction

Under 28 U.S.C. § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Petitioner admits that he did not file an appeal challenging his conviction or sentence, and therefore his conviction became "final" when the thirty (30) day period to appeal provided for by O.C.G.A. § 5-6-38(a) expired. In the instant case, the AEDPA statute of limitations began to run 30 days following the entry of Petitioner's guilty plea and the imposition of his sentence in February 2005. See Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000) (*per curiam*) ("The statute specifies that during direct appeal the tolling lasts until (or more accurately, the limitations period begins to run from) 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'"). Thus, for the purpose of determining the timeliness of the above-captioned petition, Petitioner's conviction became final in March 2005.

### B. Application of the Statute of Limitations

Under the AEDPA, Petitioner had one year from March 2005 to file his federal habeas petition. However, the Court recognizes that according to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for collateral review

4

is pending in state court. Jones v. Nagle, 349 F.3d 1305, 1307 (11th Cir. 2003). Nevertheless, by the time Petitioner filed his state habeas petition on December 1, 2006, the one-year statute of limitations for filing a federal petition had long since expired. Therefore, the statutory tolling provision of the AEDPA is of no help to Petitioner because he did not commence state habeas proceedings until approximately eight (8) months after the one-year period had expired for filing a federal habeas petition. Therefore, no time period remains to be tolled. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.") (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)).

The AEDPA also describes three other situations which may delay or reset the one-year statute of limitations clock: where there is a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due diligence, where the State has created some "impediment" to filing the application, or where the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2244(d)(1). In his response to Respondent's motion to dismiss, Petitioner argues that the State has created an "impediment" to filing because the evidentiary hearing on his state habeas corpus petition was delayed multiple times. (See doc. no. 13). However, a review of the record of Petitioner's state habeas proceedings reveals three hearings were in fact conducted in regard to Petitioner's state habeas petition. (See doc. no. 12, Exs. 4-6). The first hearing was held on February 14, 2007 because Petitioner had failed to complete the standard form for filing a state habeas petition, and the state was therefore required to obtain a more definite statement from Petitioner before filing its answer. (Id., Ex. 4, pp. 2-5). An evidentiary hearing on Petitioner's

state habeas petition was held on August 14, 2007, but this hearing was rescheduled because crucial witnesses for the state were unavailable. (See id., Ex. 5). Notably, Petitioner voiced no objections to continuing the hearing. (Id. at 5). The rescheduled evidentiary hearing was held on November 7, 2007, and a final order denying Petitioner relief was entered on November 20, 2007. (Id., Exs. 3, 6).

The Court is not persuaded that Petitioner has demonstrated that there was a state-created impediment to the filing his federal habeas petition. Indeed, less than one year passed between the filing of the state habeas petition and a final order denying Petitioner state habeas relief, which includes the delay occasioned by Petitioner's failure to provide all the necessary information in his state petition. Moreover, as noted above, Petitioner consented to a continuance based on the unavailability of crucial witnesses. Most importantly, however, Petitioner has not presented the Court with any situation that prevented him from timely filing his state habeas petition (which would have tolled the AEDPA's one-year statute of limitations) and thereby timely filing his federal habeas petition. Accordingly, Petitioner has failed to satisfy a statutory basis for tolling the statute of limitations.

C. **Equitable Tolling and Claims of Actual Innocence**

Of course, the untimeliness of the instant petition under the provisions of the AEDPA may be "excused" if Petitioner demonstrates that he is entitled to equitable tolling. Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline, if a petitioner can "show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298,

1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S. at 418-19).

Moreover, a claim of actual innocence may warrant consideration of an otherwise untimely federal petition. Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The Eleventh Circuit has described the actual innocence exception as follows:

> This exception is exceedingly narrow in scope, as it concerns a petitioner's "actual" innocence rather than his "legal" innocence. See Calderon v. Thompson, 523 U.S. 538, 559, 118 S. Ct. 1489, 1502-03, 140 L. Ed.2d 728 (1998); Murray [v. Carrier], 477 U.S. [478,] 495-96, 106 S. Ct. at 2649 (explaining that a "fundamental miscarriage of justice" occurs "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent"). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 851, 867, 130 L. Ed.2d 808 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." Calderon, 523 U.S. at 559, 118 S. Ct. at 1502-03 (quoting Schlup, 513 U.S. at 324, 115 S.Ct. at 865) (explaining that "[g]iven the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected" (internal quotation marks omitted)).

Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001).

Here, Petitioner has failed to demonstrate that any extraordinary circumstances and due diligence on his part entitle him to equitable tolling of the statute of limitations, and no such argument leaps from the face of the petition. Moreover, Petitioner has failed to argue or provide any evidence suggesting that he can meet the stringent standard necessary to trigger

7

the actual innocence exception. Therefore, neither equitable tolling nor the actual innocence exception are available to extend the AEDPA's one-year statute of limitations.

In sum, because (1) the above-captioned petition was filed more than one year after Petitioner's conviction became final, (2) Petitioner has not pointed to any other valid statutory ground for extending the deadline for filing his federal petition, and (3) Petitioner has not satisfied the requirements for equitable tolling, nor has he presented any arguments to support a claim of actual innocence, Petitioner's § 2254 petition is time-barred by the AEDPA's one-year statute of limitations.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**, that this petition be **DISMISSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this /6th day of January, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE