ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2009 FEB 25 P 2: 38

CLERK *McCarthy*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DAVE EZRA BECK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 308-069 |
| | ) | |
| VICTOR WALKER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. Two of Petitioner's objections are worthy of discussion, but they do not change the Court's opinion regarding the Magistrate Judge's Report and Recommendation.

The Report and Recommendation advised that Respondent's motion to dismiss be granted because the instant petition is untimely. (See doc. no. 14). Petitioner first objects that his extraordinary circumstance of "being incarcerated" entitles him to equitable tolling to prevent the application of the one-year statute of limitations provided for in the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214. (Doc. no. 16, p. 2). The stringent standard that must be met for Petitioner to be entitled to equitable tolling was set forth fully in the Report and Recommendation in the instant case. (Doc. no. 14, pp. 6-7). Under this standard, a petitioner must "show 'that he has been

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Accordingly, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003), *aff'd,* 544 U.S. 295 (2005); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (*per curiam*) (stating that equitable tolling is "'appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control *and* unavoidable even with diligence'") (citations omitted). Petitioner bears the burden of proving his entitlement to such equitable tolling, Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002) (*per curiam*), *cert. denied*, 538 U.S. 947 (2003), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; Petitioner must establish both. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S. at 418-19).

Though the Eleventh Circuit has not addressed this issue, those courts to do so have found that a petitioner's status as an incarcerated litigant does not amount to an extraordinary circumstance that warrants equitable tolling. See Johnson v. McCaughtry, 265 F.3d 559, 566 (7th Cir. 2001) (declining to find that a petitioner's incarcerated status was an extraordinary circumstance justifying equitable tolling because "habeas relief, by definition, is almost always sought by an incarcerated petitioner"); Gant v. Goord, 430 F. Supp. 2d 135, 139 (W.D.N.Y. 2006) (noting that "the difficulties attendant on prison life . . . do not by

2

themselves qualify as extraordinary circumstances").[1] Moreover, even if this Court were to find that Petitioner's status as an incarcerated litigant did qualify as an extraordinary circumstance, Petitioner has failed to establish that he exercised due diligence in attempting to file his federal habeas petition. Though he states that he wrote several letters "requesting legal assistance" and "requested [the] power to subpoena," he does not detail the recipients, dates, or contents of those letters. (Doc. no. 16, p. 4). Moreover, Petitioner does not allege that those letters were written in an effort to obtain assistance in filing the instant federal habeas petition. In sum, Petitioner has failed to meet the requirements that would entitle him to equitable tolling, and this objection is **OVERRULED**.

The Court now turns to the second objection, in which Petitioner contends that he is actually innocent of the offenses to which he pled guilty. (Id. at 5). The Court first notes that Petitioner's guilty plea flatly contradicts his claim of actual innocence. Petitioner's argument also suffers from other serious credibility problems. While Petitioner claims to be unable to remember the accident that resulted in his vehicular homicide charge, he also curiously argues that he is actually innocent because "the accident was caused by another vehicle driving on the road" whose high-beam lights blinded him and forced him to drive off the road, resulting in the accident. (Id.). Stated simply, it is hard to square Petitioner's alleged ability to remember that another car caused the accident with his claim that he has suffered

---

[1] However, two unpublished district court opinions from the Northern District of Florida have found that a litigant's incarcerated status did not qualify as an extraordinary circumstance justifying equitable tolling. See United States v. Thomas, 401-CR-69, 2007 WL 624538, at *5 (N.D. Fla. Feb. 22, 2007); Green v. Fla. Dep't of Corr., No. 405-CV-483, 2006 WL 1751717, at *1 (N.D. Fla. June 21, 2006).

3

memory loss, which has apparently caused him to forget other events surrounding the accident.

Notwithstanding these contradictions, Petitioner's claim of actual innocence fails because he has failed to provide any "reliable evidence not presented at trial" in support of his claim. Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting Calderon v. Thompson, 523 U.S. 538, 559 (1998)). Petitioner's own self-serving statements constitute the only evidence offered, and these statements fail to even identify the other vehicle Petitioner claims caused the accident. In sum, Petitioner has failed to meet the stringent standard necessary to trigger the actual innocence exception, and this objection is also **OVERRULED**.[2]

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Respondent's motion to dismiss is **GRANTED**, this petition is **DISMISSED**, and a final judgment shall be **ENTERED** in favor of Respondent.

SO ORDERED this 27th day of February, 2009, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[2]Petitioner's remaining objections are likewise without merit and are also **OVERRULED**.

4